IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terrisa Robinson Blackwood, ) | Civil Action No.: 2:12-2702-RMG-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Georgetown Hospital Systems, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on, what were originally, two *pro se* motions of the plaintiff for default judgment. [Docs. 21, 27.] Out of precaution for their propriety, the Clerk of Court made no entry of default. Subsequently, counsel made an appearance on behalf of the plaintiff and has defended both motions.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

The plaintiff initially filed her *pro se* Complaint in this Court, on or about September 21, 2012. [Doc.1.] The plaintiff filed her initial Motion for Default Judgment, on or about December 4, 2012. [Doc. 21.] This Court issued its Order denying the plaintiff's Motion, on December 5, 2012, finding that service of process was defective. [Doc. 22.] The Court went further and directed the Clerk of Court and the United States Marshal's Service to effect proper service of process on Defendant Georgetown Hospital System. *Id.*

On or about December 14, 2012, Bruce Bailey, Chief Executive Officer for Defendant Georgetown Hospital System, received a package from either the Clerk of Court or the United States Marshal's Service. (Bailey Aff. ¶ 2.) When he opened the package, Bailey read this Court's Order, dated December 5, 2012, stating that service of process was

defective and that the Clerk's Office/Marshal's Service should assist the plaintiff with service of process (Bailey Aff. ¶2). Bailey, however, did not realize that the package included a copy of the Summons and Complaint and that it was an attempt to effectuate service of process. (Bailey Aff. ¶3.)

The oversight was subsequently discovered and, on or about January 11, 2013, the Complaint was forwarded to defense counsel. (Bright Aff. ¶4.) A response to the motions for default judgment was filed by the defendant shortly thereafter, on January 16, 2013.

## **DISCUSSION**

Federal Rule of Civil Procedure 55(c) provides "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). In contrast, Rule 60(b) provides six grounds for relief from default judgment, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Neither entry nor judgment has been entered. But, analogously, and because "there has been no judgment entered in the present case, Rule 55 [will] govern[] this court's decision." *See Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405 (D.S.C. 2004).

It is now settled that "although the clear policy of the [Federal] Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering [default] judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982) (citations omitted). Furthermore, the decision to set aside an entry of default is "committed to the sound discretion of the trial court" and should only be disturbed upon a finding of an abuse of discretion. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987); *see also Williams v. Blitz*, 226 F.2d 463 (4th Cir.1955); *Papagianakis v. The Samos*, 186 F.2d 257, 263 (4th Cir.1950). Generally speaking, "a default should be set aside where the moving

party acts with reasonable promptness and alleges a meritorious defense." *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir.1967).

Judge David C. Norton's decision, in *Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401 (D.S.C. 2004), aptly distilled Fourth Circuit treatment concerning Rule 55 and summarized the factors to be considered as follows: (1) the promptness of the defaulting party; (2) the existence of a meritorious defense; (3) the personal responsibility of the defaulting party as opposed to the party's attorney; (4) the prejudice to the party not in default; (5) whether the defaulting party has a history of dilatory conduct; and (6) the availability of sanctions less drastic. *Colleton Prep*, 223 F.R.D. at 405-06. Of these factors, courts have placed the greatest significance on the personal responsibility for the default of the defaulting party as opposed to the party's attorney. *See Moradi*, 673 F.2d at 728; *Colleton Prep*, 223 F.R.D. at 407. Judge Michael Duffy's recent decision, in *Lewitzke v. West Motor Freight*, 2006 WL 2345986, at *2-5 (D.S.C. August 11, 2006), reiterated this view.

For good cause shown, no entry of default or judgment should be entered. *See* Fed. R. Civ. P. 55(c). Specifically, the defendant has acted without delay in rectifying the oversight. The error was certainly one of the defendant's own making, *see Park Corp v. Lexington Ins. Co.*, 812 F.2d 894, 897 (4th Cir. 1987), but there is no evidence of a history of such conduct; a meritorious defense likely exists; and the Court cannot see the prejudice to the plaintiff. She has offered none. Default under the circumstances would be an inequitable windfall. In her discretion, the undersigned could not recommend default.

The plaintiff is invited to prevail against the defendant on the facts and law.

3

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the plaintiff's motions for default judgment [Doc. 21, 27] be DENIED.

IT IS SO RECOMMENDED.

                                                s/Bruce H. Hendricks
                                                United States Magistrate Judge

March 22, 2013
Charleston, South Carolina.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).