IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terrisa Robinson Blackwood, ) | |
| ) | Civil Action No. 2:12-2702-RMG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Georgetown Hospital Systems, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court deny Plaintiff's motions for default judgment. (Dkt. No. 38). For the reasons set forth below, the Court agrees with and adopts the R&R as the order of the Court.

**Background**

Plaintiff filed this employment discrimination action pro se on September 19, 2012. (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) DSC, this matter was referred to a Magistrate Judge for all pretrial proceedings. Plaintiff filed her first motion for default judgment on December 4, 2012. (Dkt. No. 21). On December 5, 2012, the Magistrate Judge determined that service was defective and ordered the Clerk of Court and the United States Marshal's Service to effect proper service on Defendant. (Dkt. No. 22). On January 4, 2013, Plaintiff filed another motion for default judgment. (Dkt. No. 27). On January 16, 2013, Defendant filed a response in opposition to the motion. (Dkt. No. 28). On January 23, 2013, Plaintiff's counsel filed a notice of appearance and a request for an extension to file a reply. (Dkt. Nos. 30, 33). The Magistrate Judge granted Plaintiff's request for an extension (Dkt. No. 34) and Plaintiff filed a memorandum in support of her motion for default

1

judgment (Dkt. No. 35). On March 22, 2013, the Magistrate Judge issued an R&R recommending the Court deny Plaintiff's motions for default judgment. (Dkt. No. 38). Plaintiff then filed timely objections. (Dkt. No. 39).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, R&R, and Plaintiff's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore wholly adopts the R&R as the order of the Court. (Dkt. No. 38). The Court finds the Magistrate Judge correctly identified and applied the six factors listed in *Colleton Preparatory Academy, Inc. v. Beazer East, Inc.*, 223 F.R.D. 401, 405-06 (D.S.C. 2004), to determine that Plaintiff's motions for default judgment should be denied.

Plaintiff makes three objections to the R&R. First, Plaintiff objects to the Magistrate Judge's finding that a "meritorious defense likely exists" because Defendant has failed to proffer any evidence, such as affidavits, beyond their proposed Answer in support of a defense. (Dkt. No. 39 at 5). However, contrary to Plaintiff's argument, "the mere assertion of facts constituting a meritorious defense in [a pleading] . . . satisfie[s] the requirement of showing a meritorious

2

defense." *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 253 n.8 (4th Cir. 1974) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251-52 (4th Cir. 1967) (requiring a statement of underlying facts to support a meritorious defense). Here, Defendant's proposed Answer contains allegations and affirmative defenses which demonstrate a meritorious defense. (Dkt. No. 28-3). For example, in paragraph three of the proposed Answer, Defendant alleges facts which, if believed, would constitute a defense to Plaintiff's Americans with Disabilities Act claim. (*Id.* at 3). The Court therefore agrees with the Magistrate Judge's finding that a meritorious defense likely exists.

Plaintiff also objects that she has suffered prejudice due to the expense of filing motions related to Defendant's default which could have been avoided had Defendant responded timely. (Dkt. No. 39 at 6). The Court finds the cost of filing a motion for default is not sufficient prejudice to warrant an order of default judgment against Defendant.

Finally, Plaintiff argues that Defendant is solely responsible for the default and that Plaintiff's motion should be granted on this factor alone. (Dkt. No. 39 at 6-7). The Court agrees that any fault for the delay rests with Defendant rather than Defendant's counsel, however, the Court agrees with the Magistrate Judge that Defendant acted without delay to correct its oversight, that Defendant has no history of dilatory conduct, and that Defendant has presented a meritorious defense. Considering these factors, and the Court's general policy in favor of disposing of claims on their merits, *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982), the Court agrees with the Magistrate Judge that Plaintiff's motions for default judgment should be denied.

## Conclusion

Based on the reasoning set forth above, the Court agrees with and adopts the R&R of the Magistrate Judge as the order of the Court. (Dkt. No. 38). Accordingly, the Court DENIES Plaintiff's motions for default judgment. (Dkt. Nos. 21, 27). The Court further directs the Clerk of Court to enter Defendant's proposed Answer (Dkt. No. 28-3) as a separate Docket Entry.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court Judge

April 2, 2013
Charleston, South Carolina